UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **C.C. THOMAS** | **CIVIL ACTION** |
| **VERSUS** | **No. 11-1808** |
| **NEW LEADERS FOR NEW SCHOOLS** | **SECTION "I"** |

## ORDER AND REASONS

Before the Court is a motion[1] to dismiss pursuant to Rule 12(b)(5) or, in the alternative, Rule 12(b)(6), of the Federal Rules of Civil Procedure filed by defendant, New Leaders, Inc. ("New Leaders" or "the organization"). *Pro se* plaintiff, C.C. Thomas ("Thomas"), has not filed an opposition.[2] For the following reasons, the Rule 12(b)(5) motion to dismiss for insufficient service of process will be granted unless Thomas serves New Leaders with process, or obtains a waiver of service, no later than **Monday, January 19, 2012, at 5:00 p.m.**

### *BACKGROUND*

Thomas filed her complaint in the above-captioned matter on July 25, 2011. Thomas's allegations, in their entirety, are that:

> A – Due to [her] age, [she] was denied positions with [her] employer by [her] employer's contractor.
> B – The contractor choose [sic] to assist persons of younger ages without providing assistance or the opportunity of assistance to [her].
> C – This age discrimination is in violation of the Age Discrimination in Employment Act of 1967.[3]

---

[1] R. Doc. No. 10.
[2] Thomas moved from New Orleans, Louisiana, to Florida after filing her complaint. R. Doc. No. 3. Thomas has only provided the Court with a mailing address at a post office box in Miami, Florida. On October 21, 2011, the Court sent by certified mail a copy of an order directing Thomas to provide the Court with a telephone number where she could be reached. Case No. 11-1807, R. Doc. No. 11. As of the date of this order, Thomas has not contacted the Court.
[3] R. Doc. No. 1, p. 4.

Thomas requests that the Court "determine the action in [her] favor and grant [her] benefits as [she] would have received had this age discrimination not occurred."[4] Thomas provides no other information regarding her claims and, accordingly, the Court relies on New Leaders's statement of the facts applicable to this matter to provide context for Thomas's claims.

New Leaders is a private, national, non-profit corporation that operates a fellowship training program in twelve locations in the United States, including in New Orleans, Louisiana.[5] The organization's "Aspiring Principals Program" is devoted to training and supporting school leaders in order to improve "urban public school education and close the student achievement gap."[6] New Leaders provides program participants with five weeks of intensive training, followed by a year-long residency wherein participants receive additional training while they concurrently work in leadership positions in their respective schools.[7] New Leaders does not employ program participants; rather, the respective schools or school districts employ the participants.[8] According to New Leaders, Thomas submitted two applications for consideration to be a participant in the Aspiring Principals Program between February and March 2008.[9] Both applications were allegedly denied because she failed to meet New Leaders's qualification requirements.[10]

---

[4] R. Doc. No. 1, p. 4.
[5] R. Doc. No. 10-1, p. 1. New Leaders fails to affirmatively state that it is a 501(c)(3) non-profit corporation. However, because the organization is registered as a non-profit corporation with the Louisiana Secretary of State, the Court will take judicial notice of this fact. Fed. R. Evid. 201(c); *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) ("[I]t is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record.") (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994)).
[6] R. Doc. No. 10-1, pp. 1-2.
[7] R. Doc. No. 10-1, p. 2.
[8] R. Doc. No. 10-1, p. 2.
[9] R. Doc. No. 10-1, p. 3.
[10] R. Doc. No. 10-1, p. 3.

New Leaders filed its motion to dismiss pursuant to Rule 12(b)(5) for insufficient service of process "because no U.S. Marshal ever properly served New Leaders under Federal Rule of Civil Procedure 4."[11] In the alternative, New Leaders argues that the Court should dismiss this matter as Thomas's claims under the Age Discrimination in Employment Act ("ADEA") fail as a matter of law under Rule 12(b)(6) because New Leaders was never Thomas's "employer" within the meaning of that term as it is defined in the ADEA.[12] New Leaders further asserts that even if Thomas had an actionable claim under the ADEA, she has not met Rule 12(b)(6)'s pleading standard because she has failed to set forth her claims with sufficient particularity.[13]

*LAW*

**I. Rule 12(b)(5)**

"Federal Rule of Civil Procedure 12(b)(5) provides for dismissal of a claim if service of process was not timely made in accordance with Federal Rule of Civil Procedure 4 or was not properly served in the appropriate manner." *Wallace v. St. Charles Parish Sch. Bd.*, 2005 WL 1155770, at *1 (E.D. La. May 5, 2005). "In the absence of valid service of process, proceedings against a party are void." *Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design*, 635 F.2d 434, 435 (5th Cir. 1981). "When service of process is challenged, the party on whose behalf it is made must bear the burden of establishing its validity." *Id.* "If a defendant is not served within 120 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

---

[11] R. Doc. No. 10-1, p. 2.
[12] R. Doc. No. 10-1, p. 2.
[13] R. Doc. No. 10-1, pp. 2-3.

**II. Rule 12(b)(6)**

Pursuant to Fed. R. Civ. P. 12(b)(6), a district court may dismiss a complaint, or any part of it, for failure to state a claim upon which relief can be granted if the plaintiff has not set forth a factual allegation in support of his claim that would entitle him to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).  As the Fifth Circuit explained in *Gonzalez v. Kay*:

> "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).  The Supreme Court recently expounded upon the *Twombly* standard, explaining that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955, 167 L.Ed.2d 929).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief. " *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

577 F.3d 600, 603 (5th Cir. 2009).

This Court will not look beyond the factual allegations in the pleadings to determine whether relief should be granted. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).  In assessing the complaint, a court must accept all well-pleaded facts as true and liberally construe all factual allegations in the light most favorable to the plaintiff. *Spivey*, 197 F.3d at 774; *Lowrey v. Tex. A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997).  "Dismissal is appropriate when the complaint 'on its face show[s] a bar to relief.' " *Cutrer v. McMillan*, 308 Fed. App'x. 819, 820 (5th Cir. 2009) (quoting *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986)).

## *ANALYSIS*

This Court granted Thomas's motion to proceed *in forma pauperis* on July 27, 2011.[14] Accordingly, the U.S. Clerk of Court for the Eastern District of Louisiana directed the U.S. Marshal to serve New Leaders with Thomas's complaint and a copy of the summons. Fed. R. Civ. P. 4(c)(3); *Lindsey v. U.S. R.R. Retirement Bd.*, 101 F.3d 444, 446 (5th Cir. 1996) ("Once the in forma pauperis plaintiff has taken reasonable steps to identity the defendant(s), 'Rule 4(c)(2) [now (c)(3)] and 28 U.S.C. § 1915(c) stand for the proposition that . . . the court is obligated to issue plaintiff's process to a United States Marshal who must in turn effectuate service upon the defendants . . . .' ") (citation omitted, ellipses in original, brackets added).[15] The summons in this matter was issued on July 28, 2011, and was returned as executed on October 11, 2011.[16] The U.S. Marshal indicated that a "New Leaders Rep" received service of process.[17]

"The general rule is that '[a] signed return of service constitutes prima facie evidence of valid service, which can be overcome only by strong and convincing evidence.' " *People's United Equip. Fin. Corp. v. Hartmann*, 2011 WL 3476610, at *1 (5th Cir. 2011) (citations omitted). However, New Leaders has provided an affidavit[18] swearing that the alleged "New Leaders Rep" that the U.S. Marshal served is a former program participant who has never been an employee, officer, or other representative of the organization and, consequently, could not

---

[14] R. Doc. No. 3.
[15] Fed. R. Civ. P. 4(c)(3) states: "[a]t the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. §1915 or as a seaman under 28 U.S.C. §1916."
[16] R. Doc. No. 7.
[17] R. Doc. No. 7, p. 1.
[18] New Leaders submits the testimony of Deborah Evasta Ward, who was serving as the organization's Greater New Orleans interim executive director when the U.S. Marshal attempted to serve New Leaders with Thomas's complaint and summons. R. Doc. No. 10-4, p. 29.

receive service of process on behalf of the organization.[19]  The Court may consider such affidavits when resolving a Rule 12(b)(5) challenge without converting the motion into a motion for summary judgment.  *See, e.g.*, *Blair v. City of Worcester*, 522 F.3d 105, 112 (1st Cir. 2008); *Williams v. Waffle House*, 2010 WL 3418257, at *1 (M.D. La. Aug. 26, 2010) (Brady, J.); *Hahn v. Bauer*, 2010 WL 396228, at *5 (D. Minn. Jan. 27, 2010) (Ericksen, J.).

Rule 4(h)(1)(B) of the Federal Rules of Civil Procedure states that a corporation may be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process[.]"  Likewise, Rule 4(e)(1) allows service to be made pursuant to state law and the Louisiana Code of Civil Procedure provides that a corporation is served "by personal service on any one of its agents for service of process."  La. Code Civ. Proc. art. 1261(A).  *Price v. Housing Authority of New Orleans*, 2010 WL 3802553, at *2 (E.D. La. Sept. 20, 2010) (Vance, J.).

Until June 30, 2011, New Leaders maintained its local offices at 200 Broadway Street, Suite 108, New Orleans, Louisiana.[20]  The organization continues to receive mail at that address.  Thomas listed 200 Broadway Street as the organization's address when she filed her complaint on July 27, 2011, and, consequently, the U.S. Clerk of Court directed the U.S. Marshal Service to serve New Leaders at that location.  On October 7, 2011, a U.S. Marshal attempted service on New Leaders at 200 Broadway Street.[21]  The summons did not specify any agent or named representative for service of process.[22]  The individual upon whom the U.S. Marshal attempted service had no personal information with respect to the organization's appropriate agent and

---

[19] R. Doc. No. 10-1, pp. 5-9.
[20] R. Doc. No. 10-4, p. 1.
[21] R. Doc. No. 10-4, p. 30.
[22] R. Doc. No. 10-4, p. 30.

refused to accept service.[23]  Staff members of other organizations located at 200 Broadway Street informed New Leaders that a U.S. Marshal had attempted service, but were unable to provide the identity of the person who had refused to accept service.[24]  The U.S. Marshal eventually served "Aqua Stovall [("Stovall")], New Leaders Rep" at "2011 Bienville Avenue, New Orleans, LA."[25]

In the evening of that same day, Stovall contacted Deborah Ward ("Ward"), the organization's interim executive director.  Stovall informed Ward that a U.S. Marshal, with whom Stovall had a personal relationship, had delivered a "package" to her that was intended for the organization.[26]  Stovall gave this "package" – a copy of Thomas's complaint and summons – to Ward.

According to Ward, Stovall participated in New Leaders's Aspiring Principals Program from 2007 to 2008, but she is not and has never been an employee, officer, or other representative of the organization.[27]  She also has never been appointed to be New Leaders's registered agent for service of process.[28]  Based on these uncontroverted facts, the Court concludes that the organization has not been sufficiently served.  While the U.S. Marshal reported on the returned summons he had served a "New Leaders Rep,"[29] New Leaders has produced evidence to the contrary because Stovall has no affiliation with the organization that would permit her to accept service of process on its behalf.

Though New Leaders asks that this Court dismiss Thomas's claims due to insufficient service of process, the Fifth Circuit has stated that " 'a plaintiff proceeding in forma pauperis is

---

[23] R. Doc. No. 10-4, p. 30.
[24] R. Doc. No. 10-4, p. 30.
[25] R. Doc. No. 7.
[26] R. Doc. No. 10-4, p. 31.
[27] R. Doc. No. 10-4, p. 31.
[28] R. Doc. No. 10-4, p. 31.
[29] R. Doc. No. 7, p. 1.

7

entitled to rely on service by the U.S. Marshals and should not be penalized for failure of the Marshal's Service to properly effect service of process, where such failure is through no fault of the litigant.' " *Lindsey*, 101 F.3d at 447 (quoting *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987)).  At the same time, " 'a plaintiff may not remain silent and do nothing to effectuate such service.  At a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent service defects of which a plaintiff has knowledge.' " *Id.* Thomas informed the U.S. Clerk of Court that New Leaders's address was 200 Broadway Street and New Leaders admits that it maintained its local offices at that location until June 30, 2011.[30] Thomas had no way of knowing that New Leaders had not been properly served until the organization filed the instant motion.

The Court has the power to construe a motion to dismiss pursuant to Rule 12(b)(5) as a motion to quash service.  *Hayward v. Douglas*, 2010 WL 128320, at *2 (M.D. La. Jan. 12, 2010) (Polozola, J.); *U.S. Fire Ins. Co. v. Miller*, 2002 WL 31886812, at *2 (E.D. La. Dec. 18, 2002) (Vance, J.); *Grant-Brooks v. Nationscredit Home Equity Serv.*, 2002 WL 424566, at *4 (N.D. Tex. Mar. 15, 2002) (Buchmeyer, J.); *Amous v. Trustmark National Bank*, 195 F.R.D. 607, 610 (N.D. Miss. 2000) (Davidson, J.).  Where there is "a reasonable prospect that plaintiff ultimately will be able to serve defendant properly," the proper course of action is to quash service and permit a plaintiff another opportunity to complete service rather than dismiss the case.  Charles Alan Wright & Arthur R. Miller, 5B *Federal Practice and Procedure* § 1354 (3d ed. 2004). According to the Louisiana Secretary of State, New Leaders's registered agent in the State of Louisiana is Ashley Belleau at 1100 Poydras Street, Suite 3300, New Orleans, Louisiana

---

[30] R. Doc. No. 10-4, p. 1.

70163.[31]  Given the information provided in the signature caption of the organization's instant motion, the Court observes that a lawyer by that name and at that address filed the motion. Consequently, the Court concludes that there is a reasonable possibility that Thomas will be able to properly serve New Leaders.  Accordingly, the Court will quash service and provide Thomas thirty days within which to re-serve New Leaders.  Because the organization is not yet a proper party to this proceeding, the Court does not reach New Leaders's arguments with respect to Rule 12(b)(6).

## *CONCLUSION*

**IT IS ORDERED** that Thomas shall properly serve New Leaders with the complaint and summons in this matter, or obtain a waiver of service, no later than **Monday, January 19, 2012**, **at 5:00 p.m.**  If Thomas fails to serve New Leaders by that deadline, the above-captioned matter shall be **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, December 15, 2011.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**

---

[31] The Court also takes judicial notice of this fact.  *See supra* n.5.